■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v. TOWN OF ALTAMONT, Defendant-Appellant and Third-Party Plaintiff-Appellant. WATER RESOURCES COMMISSION OF THE STATE OF NEW YORK, Third-Party Defendant-Respondent.— HERLIHY, J. Appeal by the Town of Altamont, Franklin County, from two orders, one of which directed summary judgment in favor of the Niagara Mohawk Power Corporation and the other of which dismissed the third-party complaint against the Water Resources Commission. The appellant raises the question as to whether article 5 of the Conservation Law intended to give the Water Resources Commission authority to control the waters of this State. The present factual situation does not require an answer to the question posed, as the Water Resources Commission has not exercised any such authority. By court decisions in 1900 and 1911, water levels were regulated at a dam located at Setting Pole Rapids on the Racquette River, which property was conveyed to the Village of Tupper Lake (thereafter conveyed to the Town of Altamont) by the utility owner, now part of Niagara Mohawk, subject to the judgments, and reserving to the said grantor the right to build and maintain structures at the dam location and imposing certain affirmative duties on the grantee and further providing that upon the failure of the grantee or its successors to comply with the conditions and duties imposed in the conveyances and *inter alia* the right of the grantor to enter upon the premises conveyed, the land was to revert to the grantor or its successors, the present utility corporation. In August, 1965, the town put locks on the gates of the dam and refused to further comply with the terms and conditions of the deeds. The present action was brought to restrain the town from violating the terms and conditions of the said deeds. As to the present litigation with which we are concerned, the town, contrary to its claim, has exercised control over the dam by its own act and it continues to exercise control subject, however, to the limitations contained in the deeds, until some affirmative act by the State of New York. Therefore, whether the commission has the questioned authority is not the issue presently before this court. Until there is some intervention by the State the Town of Altamont retains juris-

617

diction over the dam and must comply with the terms and conditions of the deeds which conferred jurisdiction and which presently govern the rights, obligations and responsibilities between the town and the Niagara Mohawk. We decide no other issue. The Attorney-General argues that the method and extent of regulation and control of water levels is a matter for the Legislature. (See *Matter of City of Syracuse* v. *Gibbs*, 283 N. Y. 275.) Orders affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Brink, JJ., concur with Herlihy, J.